UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM SCALES,

      Plaintiff,

    -against-

NEWTEK ONE,

      Defendants.

23-CV-7604 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action alleging that Defendant Newtek One violated his rights. By order dated December 4, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff submitted the complaint and IFP application without signatures. By order dated September 22, 2023, the Court directed Plaintiff to submit signed copies of the signature pages of the complaint and IFP application. (ECF 3.) Plaintiff submitted the signed documents on October 22 and October 23, 2023. (ECF 4, 5.)

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff William Scales brings his claims using the court's general complaint form. He invokes both the court's federal question jurisdiction and diversity of citizenship jurisdiction. In the space on the form where he is asked which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "The defendant's Negligence, and breach of contract,

has caused a delay in business execution, etc. The defendant also refused to provide a reason why a business loan was denied." (ECF 1, at 2.)[2]

Plaintiff staff states that the events giving rise to his claims occurred in 2021 through "[p]hone conferences." (*Id.* at 5.) He alleges the following,

> The defendant stated my corporation would be allowed to receive a business loan using the company's initial investment as collateral. The Defendant's personnel stated an SBA business loan would be secured with a business plan, financial projections, and financial collateral such as my savings account. I notified the loan office I was searching for the maximum $5,000,000 SBA loan amount and would continue my search to secure a higher loan amount, but would return in a few days if I wasn't able to acquire a higher amount. When I returned about 1-2 weeks later the loan officer that answered the phone refused to allow me to speak with the loan officer that was assigned to my application and stated I would no longer be allowed to proceed with my application but refused to state why and only requested I continued my search for a different lending institution. I was never provided a denial letter for the occurrence.

(*Id.*)

Plaintiff states that "[m]oney damages are pending, but the defendant is being sued for the amount of one million dollars+." (*Id.* at 6.)

## DISCUSSION

### A.   Claims on behalf of other entities

The complaint is unclear as to whether Plaintiff is asserting claims on behalf of himself or on behalf of his business, which he refers to as a corporation. (*See* ECF 1, at 5.) To the extent that Plaintiff asserts claims on behalf of a corporation or other artificial entity, the Court must dismiss those claims. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*,

---

[2] The Court quotes the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another entity. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). While "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner," *Lattanzio*, 481 F.3d at 140 (citation omitted), courts generally do not allow corporations, partnerships, associations, and other artificial entities to appear in court without an attorney, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993).

Plaintiff does not allege that he is an attorney, and he does not specify that his business is a sole proprietorship. Thus, to the extent that Plaintiff asserts claims on behalf of entities (other than any that are his sole proprietorships), the Court dismisses those claims without prejudice. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to amend his complaint to allege facts showing that he is asserting claims on his own behalf and not on behalf of another entity.

**B.     Subject matter jurisdiction**

Plaintiff must also amend his complaint to allege facts showing that the Court has subject matter jurisdiction to consider this action. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, subject matter jurisdiction is available only when a "federal question" is presented or, when asserting claims under state law under a federal district court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers*

*Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative. . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under federal question jurisdiction if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation marks omitted)). Mere invocation of federal question jurisdiction, without any facts demonstrating a federal law claim, does not create federal question jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff has not alleged facts showing that this Court can consider his claims under its federal question jurisdiction. He states that he is asserting claims of breach of contract and negligence, which are usually brought under state law, not federal law, and his allegations do not suggest any viable federal cause of action.

To the extent that Plaintiff asserts claims under state law, his complaint does not show that the Court has diversity of citizenship jurisdiction of this action. To establish diversity of citizenship jurisdiction, a plaintiff must first allege that he and the defendants are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388

(1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he [or she] is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). In addition, for diversity purposes, a corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also The Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

Plaintiff asserts that he is a citizen of the State of New York, and he states that Defendant Newtek One is incorporated under the laws of the State of Florida and has its principal place of business in Boca Raton, Florida. (*See* ECF 1 at 3.) It therefore appears that Plaintiff has sufficiently alleged diversity of citizenship between the parties.

For diversity of citizenship jurisdiction, the plaintiff must also allege to a "reasonable probability" that his claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). The sum claimed by the plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). It is the Court's duty, however, to dismiss an action where it is "convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [minimum statutory jurisdictional amount.]" *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14

F.3d 781, 784 (2d Cir. 1994) (quoting *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 98 (2d Cir. 1966) (alteration in original, internal quotation marks omitted)).

Plaintiff alleges that "[m]oney damages are pending," and that he is suing Defendant for "one million dollars+." (ECF 1, at 6.) However, he does not allege any facts explaining the basis for his request of over one million dollars, particularly in light of his claim that damages are "pending." Based on the allegations in the complaint, the Court cannot say that Plaintiff has demonstrated, to a reasonable probability, that his claims are worth in excess of the $75,000 jurisdictional threshold.

For all of the reasons set forth above, it appears that the Court lacks subject matter jurisdiction to consider this action. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file amended complaint to allege facts showing that the Court has subject matter jurisdiction to consider this action; to the extent that Plaintiff asserts claims under state law, under the court's diversity of citizenship jurisdiction, he must allege facts showing that the parties are diverse and that his claims in this action satisfy the jurisdictional amount for a diversity action, amount in excess of the sum or value of $75,000.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid claim, on his own behalf, under state law, under the court's diversity of citizenship jurisdiction, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who injured Plaintiff; how Plaintiff was injured; when and where Plaintiff was injured; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this court's Pro Se Intake Unit

within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-7604 (LTS). An amended complaint form is attached to this order. No summonses will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 2, 2024
         New York, New York

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

\_\_\_\_ Civ. _____ ( \_\_\_\_ )

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED COMPLAINT**

**-against-**

_____
_____
_____
_____
_____
_____
_____

Jury Trial:  ☐ Yes    ☐ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

I.   **Parties in this complaint:**

A.   List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name _____
             Street Address _____
             County, City _____
             State & Zip Code _____
             Telephone Number _____

B.   List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                    1

Defendant No. 1       Name _____
                      Street Address _____
                      County, City _____
                      State & Zip Code _____
                      Telephone Number _____

Defendant No. 2       Name _____
                      Street Address _____
                      County, City _____
                      State & Zip Code _____
                      Telephone Number _____

Defendant No. 3       Name _____
                      Street Address _____
                      County, City _____
                      State & Zip Code _____
                      Telephone Number _____

Defendant No. 4       Name _____
                      Street Address _____
                      County, City _____
                      State & Zip Code _____
                      Telephone Number _____

**II.    Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

        ☐ Federal Questions             ☐ Diversity of Citizenship

B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
        _____
        _____

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

        Plaintiff(s) state(s) of citizenship _____
        Defendant(s) state(s) of citizenship _____
        _____

*Rev. 12/2009*                                      2

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____
_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.    Facts: _____
_____

> **What happened to you?**

_____
_____
_____

> **Who did what?**

_____
_____
_____
_____

> **Was anyone else involved?**

_____
_____

> **Who else saw what happened?**

_____
_____
_____
_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____
_____

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                                  Signature of Plaintiff     _____

                                  Mailing Address           _____

                                                                            _____

                                                                            _____

                                  Telephone Number        _____

                                  Fax Number *(if you have one)* _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                                  Signature of Plaintiff:   _____

                                  Inmate Number          _____